This wras a suit for an account against a trustee. After the cause was at issue on the answer and reply, it was, upon the *742 consent of the parties, referred to a sole referee, pursuant to § 270 of the code. Among other matters which occurred on the trial before the referee, the plaintiff claimed to have established, that the defendant had used the trust funds in two different partnerships of which he was a member, and thus had rendered himself liable for the profits thereby earned.
The plaintiff thereupon required the defendant to produce the entries inRhe hooks of those firms, showing the profits made during the period the trust moneys were so used; and applied to the referee for an order to that effect. The referee, after argument, decided that the defendant should produce such entries, and made an order upon him accordingly.
The defendant failed to comply with the order, and the plaintiff moved for an attachment against him. After a formal decision at chambers, the motion was heard at the general term, by all the justices except, one, who concurred in the conclusion of the court.
The decision is stated at the head of the case. The court said, in addition, that on such a reference as this, where accounts-were to he taken, the referee’s certificate that the production of books and papers was necessary, would be regarded as presumptively sufficient, on a motion to a justice at chambers, to •warrant an order for such production. The burden of showing; that it ought not to be made, would be upon the adverse party.
Motion denied.