Jones, J.
I am asked to insert in an order of reference to be made in a common law action, a provision giving the referee power to compel a production of books and papers.
On the argument, I seriously doubted the propriety of inserting such a provision. Counsel, however, insisted that the practice had been sanctioned by several reported cases. I, therefore, took time to consider the question. Since the argument of the motion, the counsel has cited two cases, (Frazer v. Phelps, 3 Sandf. 741; S. C. in 4 id. 682.) The case of Frazer v. Phelps, was an action in equity for an account. The sole point decided in 3 Sandford, when the case first came before the court, was that a referee to whom all the issues in an action have been referred, has not authority to order a production of books by either party, when there is no provision to that effect in the order of reference. The questions as to the propriety of inserting such a provision in an order of reference, and as to the effect of it if inserted, did not arise, and consequently were not decided.
Subsequent to the decision in 3 Sandford, an order having been made, amending the order of reference, by inserting therein such provision, an appeal was taken from the order so amending the order of reference, and it was urged that the insertion of such a provision was improper. The court sustained the order on the express ground that the action in which it was made was an action in equity for an accounting; that the rules and practice which, prior to the Code, obtained in the court of chancery relative to *208 such actions, and the proceedings therein, still applied to the same class of actions brought under the Code; that according to such rules and practice of the court of chancery, the master to whom it was referred, to take the account, was invariably invested by the order with power to compel the production of books, and that consequently it was proper to invest a referee appointed under the Code, in such an action, with the same powers with which a master in chancery would, prior to the Code, have been invested, by the court of chancery, on a reference to him in & similar action. The court, however, distinctly declined to pass upon the question as to whether, in a pure action at law, such authority could be conferred on the referee.
As, prior to the passage of the Code, it was never dreamed of that a court of law had any power to confer such an authority on a referee appointed to hear and determine; and as the Code has made.no change in this respect; and as no authority holding that a court of law has such power, has been submitted, I must decline to insert in the order of reference the provision asked for.
I am also requested by the defendant to appoint three referees. There is nothing so peculiar about the nature of this action, and of the defense, as to call for saddling either party with the inconvenience and expense of three referees.
Reference ordered to St. Clair Smith as such referee, to hear and determine, with $10 costs, to abide the event.